# MATTHEWS *v.* IRONCLAD MANUFACTURING COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued December 21, 22, 1887. — Decided January 23, 1888.

A patent for a soda-water fountain, with a specification describing a fountain consisting of a tin lining, with an outer shell of steel, having end caps fastened on, " without flanges or projections, by tin joints, made by soldering with pure tin, which, being a ringing metal, unites closely with the steel exterior to make a firm and durable joint, as other solders having lead in them will not do," and a claim for " the tin vessel, incased by a steel cylinder, and ends soldered to the latter, in the manner substantially as described," was reissued seven years afterwards, with a similar specification and claim, except in omitting from the claim the words " steel" and " soldered to the latter." *Held*, that the original patent was limited to a fountain whose outer cylinder and end caps were united by a solder of pure tin, without rivets or flanges; that if the reissue was equally limited, it was not infringed by a fountain with end caps fastened to the

outer shell by a solder of half tin and half lead, as well as by rivets, and with vertical flanges at one end, through which the rivets passed; and that if the reissue was not so limited, it was void.

BILL IN EQUITY for infringement of letters patent. The case is stated in the opinion of the court.

*Mr. Arthur v. Briesen* for appellants.

*Mr. Frédéric H. Betts*, with whom was *Mr. Ernest C. Webb* on the brief, for appellee.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity for the infringement of letter patent, issued June 25, 1872, and reissued August 5, 1879, for an improvement in soda-water fountains.

The opinion delivered by the Circuit Court in dismissing the bill is reported, and drawings of the fountain of each party given, in 22 Blatchford, 427.

The only claim relied on at the argument of this appeal was the second claim of the reissue, being the one most like the single claim of the original patent. The specifications, the drawings therein referred to, and the claims in question, were alike in the two patents, differing only, as shown below, by omitting in the reissue the words of the original patent which are printed in brackets, and by inserting the words printed in italics, and three additional claims immaterial to the present inquiry. After a general reference to the drawings, the specification proceeds as follows:

"My invention consists in a novel construction of a tin-lined steel fountain for soda-water and other aerated or gaseous liquids, such fountain combining lightness with strength, and being of cylindrical form and uniform dimensions, or thereabout, throughout its length, thereby adding to the convenience of packing and handling; also being exempt from expansion or permanent lateral distension by the interior pressure to which it is subjected, thus preserving its form and contributing to its durability. Fountains for the like purpose, as previously

made, have been largely expansive, and retained the set given, to them by extension, and being otherwise objectionable.

" In the accompanying drawing, A represents a block-tin interior body of cylindrical form with hemispherical or reduced ends, the same constituting the tin lining of the fountain, and being provided at one of its ends with a neck $b$, for introduction of the usual or any suitable connections by which the fountain is charged and its contents drawn off, said neck receiving or having screwed into it a screw-coupling $c$, secured by a nut and washer $d$ $e$, on the exterior of an outer end-cap B, for making the connection. C is the exterior shell or body proper, made of galvanized sheet steel, as may also be the end caps B B', which are soldered to or over the extremities of the same, and constitute, as it were, parts of said body C that [closely] surrounds or fits over the tin lining A. The end caps B B' are united to the body C, without flanges or projections, by tin joints, as at $f f$, made by soldering with pure tin, which, being a ringing metal, unites closely with the steel exterior to make a firm and durable joint, as other solders having lead in them will not do. Bands $g$ $g$ of brown paper or other non-conducting material are introduced between the tin lining A and steel body C, at the ends of the latter, to prevent the tin of the lining from being melted by the heat used in making the pure tin joints $f f$. The fountain is also filled with water for the same purpose, prior to making said joints.

" The non-stretching character of the body C, by reason of the same being of steel, insures the fountain preserving its shape, and the absence of end flanges provides for the close packing of a series of such formations when transporting or storing them.

[" What is here claimed, and desired to be secured by letters patent, is—"] " I claim

" The tin vessel A, incased by a [steel] cylinder C, and ends B B' [soldered to the latter], in the manner substantially as described, as a new and improved article of manufacture, for the purpose specified."

It has been argued for the plaintiff that the patent is for the combination of an inner flexible vessel of tin or its equiva-

lent, with an outer vessel of steel or its equivalent, the outer vessel being composed of a central cylinder and of end caps that are slipped on to the cylinder and united thereto by tin solder or its equivalent.

But the only claim of the original patent is for " the tin vessel, incased by a steel cylinder, and ends soldered to the latter, in the manner substantially as described ; " and the manner described in the specification of fastening the end caps to the body of the outer shell is, " without flanges or projections, by tin joints, made by soldering with pure tin, which, being a ringing metal, unites closely with the steel exterior to make a firm and durable joint, as other solders having lead in them will not do."

The patentee himself testified that when he made his invention he knew of others having used iron fountains lined with sheet block tin ; that the first fountains he made were soldered with tin and lead solder, usually known as soft solder, and he found that would not do, and therefore adopted a solder of pure tin ; and that he dispensed with rivets, because they prevented the fountain being repaired without tearing the shell in taking out the rivets.

In short, by the terms of the specification and claim, in the then existing state of the art, and according to the intention of the patentee, his patent was limited to a fountain in which the caps were connected with the outer cylinder by pure tin solder, without rivets or flanges.

In the fountain made by the defendant, on the other hand, the caps are fastened to the body at both ends by a solder of half tin and half lead, as well as by rivets, and there are vertical flanges at one end, through which the rivets pass. It is quite clear, therefore, that if the original patent had remained unaltered, there would have been no infringement.

The reissue was taken out seven years after the original patent, and a year or two after the patentee knew that the defendant was making such a fountain as is now alleged to be an infringement.

The repetition of the original specification in the reissue, word for word, (except only in the unimportant variation of

omitting the word "closely" in speaking of the fitting of the shell to the lining,) as well as the testimony of the patentee, proves that there was no defect or insufficiency in the original specification, and no error, inadvertence or mistake in framing it.

If the omission, in the claim of the reissue, after the mention of the outer cylinder and the ends, of the words "soldered to the latter," before the words "in the manner substantially as described," still leaves the claim to be construed and limited by the previous description in the specification, the patentee is no better off than if he had not taken out a reissue.

But if the effect of omitting the words in question is to extend the claim to a fountain, the outer cylinder and ends of which are fastened together in any other manner than by a solder of pure tin, the claim is enlarged by omitting an essential element of the patentee's invention, and the reissue is invalid, by the settled law of this court. *Miller* v. *Brass Co.,* 104 U. S. 350; *Mahn* v. *Harwood,* 112 U. S. 354; *Parker & Whipple Co.* v. *Yale Clock Co.,* 123 U. S. 87.

*Decree affirmed.*