### CIMIOTTI UNHAIRING CO. v. MISCHKE.

#### SAME v. AMERICAN UNHAIRING MACH. CO.

#### (Circuit Court, S. D. New York. November 27, 1899.)

PATENTS — ANTICIPATION — MACHINE FOR REMOVING HAIRS FROM FUR SKINS.
The Sutton patent, No. 383,258, for a machine for removing water hairs from fur skins, claim 8, considered with reference to a claim of anticipation, and *held* not anticipated, and valid; also *held* infringed.

In Equity. This was a suit in equity for infringement of a patent. On final hearing.

Louis C. Raegener, for plaintiff.
Henry Schreiter, for defendant.

WHEELER, District Judge. The patent here, No. 383,258, dated May 22, 1888, and granted to John W. Sutton for a machine for removing water hairs from fur skins, was before this court held by Judge Townsend, in Unhairing Co. v. Bowsky (C. C.) 95 Fed. 474. It is there fully explained, and the eighth claim, now relied upon here, was upheld, and found to have been infringed. That claim is for:

"(8) The combination of a fixed stretcher bar, means for intermittently feeding the skin over the same, a stationary card above the stretcher bar, a rotary separating brush below the same, and mechanism, substantially as described, whereby the rotary brush is moved upward and forward into a position in front of the stretcher bar, substantially as set forth."

Patent 304,992, dated September 9, 1884, and granted to Henry W. Covert, was in that case, and fully considered, and found not to defeat that claim. That decision cannot, with propriety, be, and is not,

here reviewed, but is accepted as final upon all questions in that case as it stood.

In this case is a machine made by Covert, which has stood in the machine shop of Riley & Cowley, corner of Richards and Browne streets, South Brooklyn, as it now is, since April, 1886, more than two years before Sutton's application, and, so far as is made to appear, before his invention of what is covered by this eighth claim. It was built there as an experiment, was altered in various ways, and was used at various stages practically and commercially; but nothing is shown with sufficient clearness as to its construction in respect to the combination of this eighth claim at any time prior to when it came to be as it now is. The use of it was open, and mechanically, but not commercially, successful, and was on the latter account abandoned. It has a revolving cloth-covered cylinder where the rotary separating brush of that claim is; and the real question as to this now seems to be whether the rotary separating brush is merely an equivalent of, or an advance upon, the revolving cloth-covered cylinder in this art. In this delicate operation of so controlling the fine fur as to keep it out of the way of removing the water hairs in the operation of the machines, the cloth-covered cylinder is not made to appear to be a full equivalent to the separating brush; and the effect of the patent, as showing the latter to be an advance upon anything before it in this combination, remains, and this claim must now be considered to be valid. The difference between the defendant's machine and the patent appears to be in the movement of the fur to and along the brush, instead of the brush to and along the fur, to do the same thing in substantially the same way. Decree for plaintiff.