## CIMIOTTI UNHAIRING CO. v. AMERICAN FUR REFINING CO.

### (Circuit Court, D. New Jersey. August 28, 1902.)

1. PATENTS—PRELIMINARY INJUNCTION—MACHINE FOR PLUCKING FURS.

Complainant *held* entitled to a preliminary injunction against infringement of the Sutton patent, No. 383,258, for a machine for removing the hairs from fur skins, on the strength of the showing made, and the numerous decisions of the courts of the Second circuit sustaining and construing the patent.

2. SAME.

The court may award a temporary injunction against infringement, even after the cause has been heard and submitted on the merits, where satisfied that complainant is entitled to such protection.

In Equity. Suit for infringement of letters patent No. 383,258, granted to John W. Sutton May 22, 1888, for a machine for removing the hairs from fur skins. On motion for temporary injunction.

L. C. Raegener, for plaintiffs.
H. C. Schreiter, for defendants.

ARCHBALD, District Judge (orally).[1] The impression left upon me at the former argument was that the only question was one of anticipation between the Lake and Sutton patents. But whether the case turns upon that, or on the question of infringement, on which the defendants seem now to particularly rely, both these questions have been passed upon and decided adversely to the defendants by the court of appeals of the Second circuit. Cimiotti Unhairing Co. v. American Unhairing Mach. Co. (C. C. A.) 115 Fed. 498; Same v. Comstock Unhairing Co. (C. C.) 115 Fed. 524. The case comes up in this circuit necessarily overshadowed by these decisions. I was very nearly ready to dispose of it at the hearing on the strength of them. There was enough, however, suggested to make me feel it to be my duty to look into the matter anew, and form an individual judgment of my own, which I propose to do. At the same time it is a question whether the plaintiffs are not entitled to an injunction solely on the ground of these decisions in their favor. It may be unusual to move in this way for a special injunction after the case has been heard upon the merits and is in the hands of the court for final disposition, but the practice is not so far out of course that I need hesitate if I am convinced that an injunction should be awarded.

[1] Specially assigned.

As to this it must be remembered that the litigation in the Second circuit has been very extended, involving every phase of the case, and passed upon, in one form or another, by almost every judge in that circuit. See (C. C.) 95 Fed. 474; (C. C.) 98 Fed. 297; (C. C.) 108 Fed. 82; (C. C.) 113 Fed. 588; Id. 698, 699. Without undertaking to conclude myself on the merits, I must say that the plaintiffs are more than ordinarily entitled to the fruits of this successful litigation, not only in their own circuit, but in others. The line which divides the two circuits in this instance is a narrow one, and there is much to suggest that the plaintiffs in the present case are dealing with the very same parties as before, under a new corporate name, and transposed to a conveniently neighboring locality (from New York to Hoboken). Under such circumstances I think they should be protected by the injunction asked for, based on the strong prima facie showing in favor of the validity as well as infringement of the patent which they make. The defendants, if injured thereby, can be secured by requiring of the plaintiffs a bond of indemnity, or, if they desire to go on undisturbed, I will withhold the injunction, provided they give a corresponding bond to pay whatever may be awarded by the final decree, if against them.

Let an injunction issue as prayed for until the further order of the court upon the plaintiffs giving bond in $15,000, with proper security, with leave to the defendants to dissolve the same on filing a counter bond in a like sum to pay such sums, if any, as may be finally found against them.