## ATLANTIC, GULF & PACIFIC CO. v. WOOD.

(Circuit Court of Appeals, Fifth Circuit. March 1, 1923. Rehearing Denied April 7, 1923.)

No. 3917.

1. Patents ⊕⇒16—Last small change, which is effective, is entitled to protection.

Where the changes made by plaintiff from former pumps were not great, but were effective in producing a pump which would not be clogged by solid substances, plaintiff is entitled to protection.

2. Patents ⊕⇒36—Commercial success is evidence of patentability.

The fact that plaintiff's pump was at once successful commercially, as well as mechanically, is sufficient to require the resolving of any doubt as to patentability in favor of the patent.

3. Patents ⊕⇒62—Doubt as to anticipation resolved in favor of patent attacked.

Where anticipation is relied on as a defense, it should be clearly proved, and, in cases of reasonable doubt, the doubt should be resolved in favor of the patent attacked.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Patents ⬰59—Failure to put prior patent to use is material on issue of anticipation.**

The fact that the patent which is claimed to have anticipated plaintiff's patent was not put to practical use to any extent should be considered on the question of anticipation.

**5. Patents ⬰65—Prior patent so indefinite as to warrant two different theories as to construction, is not anticipation.**

Where the description in a prior patent, relied on as an anticipation of plaintiff's patent, was so indefinite that two radically different theories of the construction of the device therein described could be reasonably sustained by the terms of the description, it is insufficient to charge plaintiff with that knowledge, actual or constructive, which makes it anticipation.

**6. Evidence ⬰571(6)—Change in model from drawing held not to disentitle expert to credit.**

The fact that defendant's expert, who constructed a model under a patent relied on as an anticipation of plaintiff's patent, varied from the exact construction called for by the patent, does not alone justify the court in refusing to consider the testimony of the expert, whose explanation of why he made the changes was not so unreasonable or so contradicted as to be incredible.

**7. Patents ⬰328—1,182,439, for vanes for centrifugal pumps, held not anticipated, valid, and infringed.**

The Wood patent, No. 1,182,439, for vanes for a centrifugal pump, intended to obviate the clogging of the pump by solid substances, *held* not anticipated, valid, and infringed by all three of defendant's forms of pumps, which were constructed by it to achieve the same result after it unsuccessfully attempted to obtain the right to use plaintiff's pump.

**8. Patents ⬰58—Burden to establish anticipation is on him who asserts it.**

The burden to establish an anticipation is on him who asserts it.

**9. Patents ⬰118—Description enabling skilled person to make machine is sufficient.**

A description in the patent of the improvements claimed, which sufficiently discloses the manner and process of construction to enable a person skilled in the art to which it appertains to make the machine therein described, is sufficient to comply with Rev. St. § 4888 (Comp. St. § 9432).

Appeals from the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Suit in equity by Albert Baldwin Wood against the Atlantic, Gulf & Pacific Company for infringement of letters patent, No. 1,182,439, issued to the plaintiff. Decree rendered, finding the patent valid and infringed by two forms of defendant's device, but not infringed by the third form, and defendant appeals from so much of the decree as held the patent valid and infringed, and plaintiff takes cross-appeal from that part of the decree holding the patent not infringed by one of defendant's devices. Decree affirmed, except in so far as it found that one of the defendant's devices was not an infringement, and cause remanded for further proceedings.

J. Blanc Monroe and Monte M. Lemann, both of New Orleans, La., and F. O. Richey, of Cleveland, Ohio, for plaintiff.

Harry T. Smith and William G. Caffey, both of Mobile, Ala., and Albert F. Nathan, of Newark, N. J., for defendant.

Walker B. Spencer, of New Orleans, La., and W. Clyde Jones and

⬰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Edward Rector, both of Chicago, Ill. (In behalf of Frank C. Wagner, Sinclair Refining Co., and Zenith Carburator Co.), amici curiæ.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The plaintiff, Albert B. Wood, is an engineer who has been for many years employed by the sewerage and water board of the city of New Orleans, La., which handles its drainage and sewerage on a very large scale with pumps. He also was consulted by many pump manufacturers and has designed a number of centrifugal pumps.

In the course of the construction of the Industrial (Ship) Canal between the Mississippi river and Lake Pontchartrain, a suction dredge was rented from the defendant, Atlantic, Gulf & Pacific Company. This dredge was equipped with a suction pump of the kind then in common use. A part of the channel of this canal led through low ground, formed from the decay of several separate cypress forests, in successive layers. This material contained many cypress roots, knees, and stumps, which caused constant clogging of the pump of the dredge and greatly hindered the work. The plaintiff was applied to and designed the pump, which he patented, which patent it is claimed the defendant has infringed.

The pump proved entirely satisfactory, and through it these cypress knees, stumps, and roots would pass without clogging. The defendant was engaged in dredging work at Mobile, Ala., and after learning of the successful operation of the plaintiff's pump at New Orleans inquired on what terms plaintiff would equip, or permit it to equip, its dredge at Mobile with a similar pump. The price named by plaintiff being unsatisfactory, defendant submitted to counsel the question of the validity of plaintiff's patent. On receipt of an opinion that such patent was invalid, it constructed a pump or pumps, which were not identical with that of plaintiff, but which were not dissimilar, and which operated in like manner as that of plaintiff, and satisfactorily.

The plaintiff filed his bill of complaint in the United States District Court for the Southern District of Alabama, complaining that defendant's pumps infringe his patent. Plaintiff's patent described his invention generally as one which related—

"to improvements in centrifugal pumps. Such pumps are frequently employed for pumping water containing foreign substances such as drainage water, which frequently contains roots, grass, rags, paper, and other trash of this nature, as well as blocks of wood or other solid substances of considerable volume. Such pumps may also be used for pumping dredge water, which may sometimes contain stones of considerable size. These objects frequently lodge in the pump, sometimes placing it out of service entirely, and at least greatly reducing its efficiency. Indeed, sometimes the nature of the foreign substances lodging in the pump may be such as to cause its injury or destruction.

"Another object of my invention is to provide a pump of this nature which can accomplish the foregoing objects, and which is provided with vanes taking up little or none of the circumference of the impeller, thereby enabling me to discharge the water uniformly over the entire periphery of the impeller, thereby avoiding the creation of eddies in the volute and the consequent loss of efficiency."

The drawing of a horizontal section of the impeller is as follows:
The patent states:

"I have illustrated the embodiment shown in the drawing and its details for the purpose of better explaining my invention. I do not wish to be limited to such embodiment and details, as many departures may be made therefrom without departing from the spirit of the invention."

WOOD PATENT

The claims of the patent particularly relied on in the present case are as follows:

"1. In an impeller for centrifugal pumps, the combination of one or two impeller walls, a plurality of vanes having forward ends convexly rounded on all sides, such vanes extending curvilinearly from such forward ends to the periphery of the propeller and being lessened in cross-section as they approach such periphery, where their rear ends occupy but little of the periphery, permitting a uniform or substantially uniform discharge of water from the impeller, such vanes being supported from one or both of said walls.

"2. In an impeller for centrifugal pumps, the combination of vane supporting walls, a plurality of vanes having forward ends convexly rounded on all sides, the forward ends being substantially semi-elliptical on cross-sections taken to the main impeller walls, the forward ends of the vanes being positioned between the center and periphery of the impeller, such vanes extending curvilinearly from the forward ends in gradually decreasing cross-sectional areas to the periphery of the impeller, where the rear ends of the vanes occupy but little of the periphery of the impeller, permitting free and uniform discharge of water from the impeller.

\* \* \* \* \* \* \* \* \* \*

"4. In a centrifugal pump impeller, the combination of vanes provided with forward ends which are rounded on a considerable radius and with rear ends occupying but little of the periphery of the impeller.

"5. In a centrifugal pump impeller, the combination of a support, vanes on said support provided with forward ends convexly rounded on all sides and with narrow rear ends on the periphery of the impeller occupying but little of such periphery."

The defendant pleaded: (1) That plaintiff's patent was void for want of novelty; (2) its anticipation by several patents, the one most relied on being a British patent issued to one Thomson; (3) that plaintiff's patent was too indefinite in description of the manner and process of construction of the improvements claimed to comply with the requirements of the Revised Statutes of the United States, § 4888; and (4) that the pumps used by defendant did not infringe plaintiff's patent, even if valid.

The Thomson patent, as shown by a drawing of a horizontal section thereof, was as follows:
Thomson described this drawing as follows:

"The passages open spaces between vanes or blades are made without any sharp edges or angles that can catch or entangle any solid bodies that may be in the sewage or other liquid to be pumped, and the remainder of the circle is filled up, so as to form a circular or nearly circular wheel, which is capable of revolving under water with very little resistance. The form of the passages admits of considerable variation, according to the speed of the wheel and

THOMSON PATENT

the height of the lift; and I sometimes make them of the form indicated by the dotted lines in the figure, and they may be rectangular or circular, or of any other convenient form in their transverse section; but in all cases they are to be made without any sharp angles or edges."

SECOND ALTERNATING APPELLANT.

SECOND ALTERNATING PLAINTIFF.

As to the alternative form of vane shown by the dotted line, plaintiff and defendant differed as to whether such line was the exterior or interior side thereof. Drawings illustrating each contention were submitted and are here given:

The vanes used by the defendant in its pumps were of the following shapes. They are respectively marked vanes J, K, and Gaylord 4:

DEFENDANTS VANE J

DEFENDANT'S VANE K

Defendant's Vane Gaylord 4.

Vane J was in two forms, one shorter than the other, which was lengthened on the same lines by the addition of iron lugs. The shape of vane J with and without the lugs represented a portion of vane K, which was on the same lines, but longer than vane J. The relative dimensions of vanes K, J, and Gaylord 4 are shown by the following drawing, made a part of appellant's (defendant's) brief:

Much testimony was adduced, orally and by deposition. The District Court rendered a decree finding that plaintiff's patent was valid; that it was infringed by the vanes K and Gaylord 4, used by defendant, but not by its vane J, either with or without the iron lugs. The defendant appeals from so much of the decree as finds in favor of the plaintiff. The plaintiff has taken a cross-appeal from that part of the decree which finds that vane J is not an infringement.

VANES J, K, AND GAYLORD 4

The principal contention raised by the assignments of error and the argument in this court by appellant was that the plaintiff's patent was invalid, as being anticipated. While anticipation by several patents was insisted upon, it was practically conceded that the closest to an anticipation was to be found in the Thomson patent.

It is plain from the evidence that none of defendant's infringing vanes were designed or used by it until the successful operation of plaintiff's pump on the dredge Texas, at New Orleans, had brought this device to its actual knowledge, and until it had failed to obtain the right to use the same. After advice that plaintiff's patent was invalid, defendant constructed and used the vanes claimed to infringe, in order to obtain a pump which would accomplish the same results as plaintiff's pump had achieved.

The Wood patent claimed the following as the improvements made by it in the art:

(1) A plurality of vanes, with conversely rounded forward head, so that trash could not catch thereon.

(2) Said vanes extending curvilinearly from such head to the periphery of the propeller, lessening in cross-section as they approach said periphery, where the rear ends occupy but little of the periphery.

(3) A production by such form of vanes of a uniform discharge of water from the impeller.

(4) The prevention of eddies interfering with such uniform discharge, the streams uniting beyond such vanes.

(5) The combinations of such vanes with one or both of the two supporting walls (above and below), through one of which the water flows into the impeller.

(6) No part of any vane to be nearer to another than the length of the diameter of such intake.

[1] (1) Prior to that time all of the pumps in use had been liable to be choked with heavy trash, such as straw, roots, etc. The operation of this pump, combining the rounded surfaces which its vanes presented, the curving and diminishing lines running toward the periphery of the impeller, in the direction in which the water flowed, the slight amount of such periphery occupied, and the practical prevention of

eddies, or back currents, with the openings between the heads of the vanes, equal to the diameter of the intake through which the water entered the impeller, practically eliminated the trouble of choking and was instantly successful. While the changes from former pumps were not great, they were effective.

"In the law of patents it is the last steps that wins. It may be strange that, considering the important results obtained by Kelly in his patent, it did not occur to him to substitute a coiled wire in place of the diamond shape prong, but evidently it did not; and to the man to whom it did ought not to be denied the quality of inventor. There are many instances in the reported decisions of this court where a monopoly has been sustained in favor of the last of a series of inventors, all of whom were groping to attain a certain result, which only the last one of the number seemed able to grasp." The Barbed Wire Patent, 143 U. S. 275, 283, 12 Sup. Ct. 443, 446 (36 L. Ed. 154).

See, also, Loom Co. v. Higgins, 105 U. S. 580, 591, 26 L. Ed. 1177; Consolidated Valve Co. v. Crosby Valve Co., 113 U. S. 157, 179, 5 Sup. Ct. 513, 28 L. Ed. 939.

[2] The Wood pump was at once successful commercially as well as mechanically.

"In view of the phenomenal success of the patented pipe, after the public became aware of its advantages, * * * we are of the opinion that any doubt as to patentability should be resolved in favor of the patent." Stillwell v. McPherson, Highway Com'r, 218 Fed. 839, 840, 134 C. C. A. 611, 612.

See, also, Mineral Separation, Ltd., v. Hyde, 242 U. S. 261, 270, 37 Sup. Ct. 82, 61 L. Ed. 286.

We think that the Wood patent was not invalid for want of novelty.

[3] (2) A defense most earnestly urged was that plaintiff's invention had been anticipated by several patents. Where anticipation is relied on as a defense, it should be clearly proved, and, in cases of reasonable doubt, the doubt should be resolved in favor of the patent attacked. Coffin v. Ogden, 18 Wall. 120, 21 L. Ed. 821; Victor Talking Machine Co. v. Duplex Phonograph Co. (C. C.) 177 Fed. 248; Simonds Rolling Machine Co. v. Hathorn Mfg. Co., 93 Fed. 958, 36 C. C. A. 24.

[4] Referring to the Thomson patent, which is claimed to have anticipated the Wood patent, it does not appear to have been put to practical use to any extent. That this should be considered on the question of anticipation is settled. Deering v. Winona Harvest Works, 155 U. S. 286, 302, 15 Sup. Ct. 118, 39 L. Ed. 153.

Before discussing the differences between the two pumps, notice should be taken of the differing contentions of plaintiff and defendant as to the shape of the alternative vane stated in the patent. The alternative vane is indicated by the dotted line shown on the cross-section of the drawing of such vane above given. The plaintiff insists that the dotted line constitutes the face of the vane nearest to the passages between such vanes. The defendant insists that it is the external face of the vane and does not touch the passages. The respective contentions are illustrated by the drawings heretofore given.

It was practically conceded by the counsel for plaintiff, Wood, that if the defendant's contention was correct the Thomson patent would

anticipate the Wood patent. The District Judge in his decision stated that, so construed, he would have considered it an anticipation, but that in his opinion the plaintiff's contention was the correct view, or at least that the description of such alternative in the patent was so indefinite and uncertain that it would not establish an anticipation.

[5] We agree with the court below that the Thomson patent so lacks that definite description of what is intended by such alternative form of the Thomson vane that it does not charge the plaintiff with that knowledge, actual or constructive, which makes it an anticipation.

"A document [patent] so obscure in its terminology that two conflicting theories may be deduced therefrom and supported by equally plausible arguments is too indefinite to be utilized as an anticipation." Cimiotti Unhairing Co. v. Comstock Unhairing Co. (C. C.) 115 Fed. 524.

See, also, Hillard v. Fisher Book Typewriter Co., 159 Fed. 439, 441, 86 C. C. A. 469; Stead Lens Co. v. Kryptok Co., 214 Fed. 368, 375, 131 C. C. A. 144.

Under the descriptive language of the Thomson patent, the plaintiff's contention as to the shape of the alternative vane therein would seem the most probable. The portions of such description dealing with such vane indicate that the inventor's mind was on the passages through which the water would flow between his blades or vanes, and that the modification in the shape of the vanes was made in order to change the form of such passages. He says:

"The form of the passages admits of considerable variation according to the speed of the wheel and the height of the lift, and I sometimes make them [the passages] of the form indicated by the dotted line in [the] figure."

The passages referred to are described as marked *D D*, on the drawing accompanying the patent, and indicate the openings between the vanes. If the dotted line, as shown in this drawing, is taken to be the inner line of the vane or blade, next to the passage, the form of the passages are changed as above stated. If such dotted line is taken to be the exterior line of the vane, as claimed by the defendant, then the form of the passages in each case is identical and is the space between the same line, which in each case constitutes the side of the vane next to the passage, leaving the passage the same with both forms of vane or blade.

It is insisted that the statement that the passages are without sharp angles or edges shows that the reference is to the vanes or blades, and that the passages, being openings, cannot have angles. This, however, ignores that the patent expressly states:

"The passages *DD* [which the drawing shows are the openings] are without sharp edges or angles that can catch or entangle any solid bodies that may be in the sewage," etc.

The point of view would altogether control, whether the opening, or passage, is described as having angles or edges, or whether the solid bodies bounding it and giving it shape are considered as having the angles or edges. It is quite common to speak of a passageway as having turns or angles, instead of saying that its walls have such turns or angles. The obstruction caused by solid matter catching on a sharp edge or angles would obstruct the passage and choke or obstruct it.

Considering the outer wall of each vane claimed in the Thomson patent as being the same, we are of the opinion that it does not anticipate the Wood patent. Such outer wall occupied the periphery of the impeller for almost its entire distance. Instead of leading the water on lines which converge at the tail of the impeller, it would give such flow a divergent tendency likely to cause eddies and prevent the steady carriage of solid matter to the discharge pipe.

In reaching these conclusions, concerning the form of the vanes and the effect of the Thomson patent, we have given due consideration to the testimony of the witness Prof. Frank C. Wagner, which the District Judge declined to consider for reasons stated in his opinion filed in this case. We do not think these reasons authorized the exclusion of the evidence of the witness. If well taken, they only bore on the credibility of his testimony, but did not warrant a refusal to consider it at all.

[6] While we recognize that in many cases experts consider themselves too much as the partisans of the side calling them, we fail to find in the circumstances of this case sufficient reason to conclude that the witness Wagner intended to deceive the court by the variation made in his model of the Thomson patent. The only change made was in the angle and exact location of what was intended to represent the alternative vane or blade thereof. The District Court found, and it was practically conceded by all parties, that if such alternative vane was as contended for by the defendant, with a model thereof identical with the drawing of the patent so construed, the Thomson patent would show an anticipation of the Wood patent. The entire controversy was not as to the location or angle of the vane, if as claimed by defendant to be shown by the patent, but as to whether the alternative vane, however placed, was shaped as claimed by plaintiff or defendant.

The variation in position, shape, or angle made in the model of Wagner did not in any way change its general shape or give it any different effect as an anticipation from that conceded to exist in the alternative vane, if given the shape contended for by the defendant when placed in exact conformity with the drawing attached to the patent. The explanation given by the witness of why he made the changes in his model was not so unreasonable, or so contradicted, as to be incredible.

[7] According to the witness' entire sincerity, we do not think, however, that his testimony outweighs the testimony which supports the plaintiff's contention, and conclude that the Wood patent was not anticipated by the Thomson patent. We are of the opinion that there is less reason to regard any of the other patents claimed to anticipate Wood's patent as so doing.

[8] As is evident from the authorities hereinbefore cited, the burden to establish an anticipation is on him who asserts it, and the defendant has failed to sustain this burden.

[9] 3. The description in the Wood patent of the improvements claimed sufficiently discloses the manner and process of construction to comply with Revised Statutes of the United States, § 4888 (Comp. St. § 9432). A person skilled in the art or science to which it appertains could take the patent and its accompanying drawing and make the

machine therein described. This is sufficient to fulfill the requirement of the law. United States v. Anciens Etablissements, 224 U. S. 309, 32 Sup. Ct. 479, 56 L. Ed. 778. On this subject the Supreme Court of the United States has held:

"But it is said that the patent in suit discloses no means of practically operating the method shown, and therefore, as said by the learned judge in the Third Circuit, 'it is but the expression of a happy thought;' but the requirement of the patent law, in order to make a method or process patentable, is that the patent shall indicate to those skilled in the art the adaptation of means to put it into practice. We think this record amply discloses, while no complete mechanism is pointed out in the specifications, enough to indicate to those skilled in such matters a mechanism whereby the method of the patent can be put into operation." Expanded Metal Co. v. Bradford, 214 U. S. 366, 380, 29 Sup. Ct. 652, 655 (53 L. Ed. 1034).

4. After failing to agree with plaintiff on terms for the use of his pump, and securing an opinion adverse to the validity of his patent, the defendant changed the impellers and vanes in its pumps and sought by the use of the three shapes of vanes to secure a pump which would operate as successfully as that used by the plaintiff. It evidently recognized plaintiff's pump as an improvement on its then existing pumps, and sought to attain like improvement in its own. The question is: Do the vanes introduced and used by the defendant infringe plaintiff's patent?

It is urged that they do not, because, among other things, the defendant uses three, instead of two, vanes, thus making the distance between the heads of the vanes less than the diameter of the intake to the impeller. It is sufficient to say that the claim of the Wood patent is for a plurality of vanes; it is not confined to two, and that the distance between the heads can be increased and regulated by the distance the head is placed from the centre of the impeller. In each of the vanes used by defendant the same convex head, without angles, is used; the vane is curvilinear as it goes toward the periphery, and the proof shows that the water flowing along the sides of the vanes comes together behind. The outer angle at the tail of each is an obtuse angle, and the water passing it would tend to flow on a line likely to go towards the water flowing along the other side of the vane and not divergently. The District Court found that the vanes K and Gaylord 4 infringed the plaintiff's patent, and we agree with him.

5. The District Court, however, found that vane J, with or without the iron lugs attached, did not infringe such patent. The plaintiff has taken a cross-appeal from so much of the decree. We are unable to agree with the District Court. The vane J is identical for its length with vane K. Its lines are the same. Its head is the same, and its angles are the same. It would of necessity throw off the water on the same lines. We understand this to be the testimony in the case. The only effect of the iron lugs added is to lengthen it. They do not alter its shape, but only bring it into closer identity with vane K. This is apparent by the figure given heretofore, showing the vanes J, K, and Gaylord 4 superimposed on each other. We therefore think that vane J, without or with the iron lugs, infringes the plaintiff's patent, and so much of the decree as holds that it is not an infringement should be reversed.

While there may be some points made by the appellant's brief and assignments of error which are not specifically treated in the above opinion, they are either controlled by what is decided, or we do not think they call for separate mention. We find no harmful error, except as to so much of the decree as deals with vane J.

The decree of the District Court is therefore affirmed, except so much thereof as finds that defendant's vane J is not an infringement of the plaintiff Wood's patent; this portion of said decree is reversed. The cause is remanded for further proceedings not inconsistent with this opinion, with costs of both appeals against the appellant, Atlantic, Gulf & Pacific Company.