**In re CRAMBLET.**

Patent Appeal No. 3030.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

John W. Michael, of Milwaukee, Wis., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application in the United States Patent Office for a patent on certain improvements in mercury switches. The Examiner rejected claims 1 to 6, inclusive, 8, 11, and 12, on reference to British patent to Hatfield, 17,286 of 1911, 200—152, and Kaisser, 1,517,636, December 2, 1924, 200—152. Claims 15, 16, and 17 were added by supplemental appeal. The Board of Appeals held that the decision of the Examiner should be reversed as to his rejection of said claims on the references Hatfield and Kaisser. The Board, however, cited a new reference, namely, Mailey, No. 1,638,123, of August 9, 1927, and, on this reference, rejected all of said appealed claims.

On appeal to this court, the appellant has dismissed his appeal as to claims numbered 2, 6, 15, and 16.

For the purposes of this decision, claim 1 is thought to be typical, and is as follows:

"1. A switch of the character described comprising an envelope of soft glass, electrodes sealed therein, a body of mercury movable within said envelope, and means for producing a mercury to mercury make and break intermediate said electrodes upon oscillation of said envelope including a hard glass mercury containing element separate from the envelope and fixedly supported upon the envelope in spaced relation thereto and con-

fining the make and break area or arcing zone to a point removed from the walls of said envelope."

Appellant's mercury switch is fairly well described by the quoted claim. In his drawings and specification, the appellant shows various types of switches, but in all cases the electrodes are out of contact with the outer wall of the switch, and one electrode is inclosed in a hard glass cup, which is, in turn, suspended upon the electrode, entirely free from contact with the envelope wall of the switch at all points.

It is conceded by all parties that the invention, if any such exists in appellant's application, lies in the fact that the glass cup containing one electrode is out of contact with the envelope of the switch. By this method of construction, it is conceded that the soft glass envelope of the mercury switch will be better protected from the jars and shocks incident to the making and breaking of the electrical circuit over the edge of the cup.

The Board of Appeals, as has been said, rests its rejection of these claims upon the Mailey patent. It is frankly conceded by the Solicitor for the Patent Office that no claim is made in the Mailey patent which is broad enough to include this particular feature of appellant's disclosure. An examination of these claims discloses that Mailey's idea, for which he was claiming a patent, was of a hard glass mercury cup held in place by one of the electrodes, in contact with the envelope wall.

In Mailey's drawings, also, it plainly appears that this cup is in all cases positioned against the envelope wall. The board, however, rests its rejection upon the fact that Mailey, as it is claimed, discloses in his specification a construction such as is disclosed here and claimed as patentable by the appellant. This language, as quoted from the said specification, is as follows: " ⸱ ⁂ * Further I am not limited to a switch in which the arc cup is positioned in a well or depression in the wall of the body of the switch. Such cup in some forms is positioned either on the wall of the envelope or is suspended from the wall as by mounting it to the electrode which terminates within it, or supported by the other electrode to which it is mounted as by embedding such electrode in the outside wall of the cup."

It is argued by the solicitor that this language specifically reads upon appellant's present disclosure, and hence should be treated as an anticipation of it. In reply to this, appellant states that there is nothing in either Mailey's drawings or claims to indicate that he had any conception of the basic idea embodied in appellant's disclosure of a cup entirely out of contact with the envelope of the switch. He further argues that the language "is suspended from the wall as by mounting it to the electrode" does not necessarily mean that the cup is out of contact with the wall. He further argues that every thought suggested by this language might be embodied in a mercury cup which is attached to the electrode and is in contact with the envelope wall. He therefore argues that, while it might by some construction be contended that such cup was out of contact with the wall, the language does not necessarily so state, and, inasmuch as it may be thus capable of a double meaning, or construction, his disclosure should not be held to be anticipated by such vague and indefinite language.

We are of opinion the point thus made by the appellant is well taken. If it could be plainly discerned from an inspection of Mailey's drawings and a reading of his claims, together with his specification, that he had this particular idea of appellant's in mind, even though it were not claimed, we might fairly agree that appellant's claims here were properly rejected. But, when there is every reason to believe from his disclosure that Mailey had no conception of a cup entirely segregated from the switch envelope, it is, in our judgment, improper to reject appellant's clearly defined and limited claims, resting upon his definite disclosure of this feature.

This we believe has been the prevailing view of the courts when similar questions arose. "Statements in a prior application relied on to prove anticipation must be so clear and explicit that those skilled in the art will have no difficulty in ascertaining their meaning. Where they are so vague, involved, intricate and contradictory that experts disagree radically as to their meaning and, following the instructions given, construct devices differing in fundamental features, it is safe to reject such a document as an anticipation." Hillard v. Fisher, etc., Co. (C. C. A.) 159 F. 439, 441. See, also, Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; Atlantic, G. & P. Co. v. Wood (C. C. A.) 288 F. 148; Stead Lens Co. v. Kryptok Co. (C. C. A.) 214 F. 368; Skelly Oil Co. v. Universal Oil Prod. Co. (C. C. A.) 31 F.(2d) 427; In re Fageol, 48 F.(2d) 944, 18 C. C. P. A. 1347.

The decision of the Board of Appeals is reversed as to all claims except claims 2, 6, 15, and 16, and is, in other respects, affirmed.

Modified.

LENROOT, Associate Judge, dissents as to reversal.

